IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
COMMONWEALTH OF              )
PENNSYLVANIA,                )
                             )
        Plaintiff,           )
                             )
   v.                        ) Civil Action No. 06-106J
                             )
DR. CHANDAN S. VORA,         )
                             )
        Defendant.           )
```

MEMORANDUM AND ORDER OF COURT

DIAMOND, D.J.

Dr. Chandan S. Vora filed a motion to proceed in forma pauperis on May 15, 2006, along with a "petition for removal." Dr. Vora's papers in support of the "petition for removal" contain the following: (1) a copy of a summons for a summary traffic case in which she was charged with driving with an unsecured load, in violation of 75 Pa.C.S.A. §4903; (2) a copy of a summons for a summary case in which she was charged with scattering rubbish, in violation of 18 Pa.C.S.A. §6501; (3) a notice of impending warrant of arrest for failing to respond with a plea for each of the two charged offenses; and (4) a request for suspension of her driver's license for failing to respond to the summons.

Dr. Vora asserts that the charges against her resulted from discriminatory behavior on the part of public officials. Dr. Vora maintains that all of her troubles with the various public officials are part of an orchestrated effort by individuals of certain ethnic and religious backgrounds to violate Dr. Vora's

COMMONWEALTH OF PENNSYLVANIA v. VORA                                    Doc. 4

AO 72
(Rev. 8/82)

civil rights.

The Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where an individual seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. §1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. §1915(e)(2)(B)(I).[1] Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

The court finds Dr. Vora to be without sufficient funds to pay the required filing fee. Thus, the indigency requirement is met, and Dr. Vora will be granted leave to proceed in forma pauperis.

With regard to the second part of the analysis, in Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. Id. In addition, §1915 also requires that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action must be dismissed. 28 U.S.C.

---

1. This provision formerly was codified at 28 U.S.C. §1915(d).

§1915(e)(2)(B)(ii).

A review of Dr. Vora's "petition for removal" establishes that the allegations therein seek to attack state court proceedings over which this court lacks jurisdiction and otherwise fail to state a claim upon which relief can be granted. It follows that Dr. Vora's "petition for removal" must be dismissed.

An appropriate order will follow.

ORDER

AND NOW, this 24th day of May, 2006, for the reasons set forth in the memorandum above, IT IS ORDERED that Dr. Vora's motion to proceed in forma pauperis (Document No. 1) be, and the same hereby is, granted; and,

IT IS FURTHER ORDERED that Dr. Vora's "petition for removal" (Document No. 2) be, and the same hereby is, dismissed for lack of jurisdiction and as otherwise frivolous. The clerk of court shall mark the case closed.

Gustave Diamond
United States District Judge

cc: Dr. Chandan S. Vora
    511 Robb Avenue
    Johnstown, PA 15901